# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| DMITRY PRONIN, ) | |
| ) | |
| Plaintiff, ) | No. 5:12-cv-03416-DCN |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| LT. TROY JOHNSON, OFFICER ) | |
| FLOURNEY, KENNETH ATKINSON, ) | |
| REX BLOCKER, JOHN BRYANT, ) | |
| BRANDON BURKETT, JAKE ) | |
| BURKETT, OFFICER CRAWFORD, ) | |
| DANIEL FALLEN, LOUISA FUERTES- ) | |
| RASARIO, EDWARD HAMPTON, ) | |
| WILLIAM JOHNSON, SANDRA K. ) | |
| LATHROP, OFFICER MIDDLEBROOK, ) | |
| EDA OLIVERA-NEGRON, HENRI ) | |
| WALL, PATINA WALTON-GRIER, ) | |
| and OFFICER WILSON, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before the court on Magistrate Judge Kaymani D. West's Report

and Recommendation ("R&R") that this court grant the motion for summary judgment[1]

---

[1] The magistrate judge converted defendants' motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). "There are two requirements for a proper Rule 12(d) conversion." Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore, 721 F.3d 264, 281 (4th Cir. 2013). First, all parties must "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment," which can be satisfied when a party is "aware that material outside the pleadings is before the court." Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985). The second requirement for proper 12(d) conversion is that the "parties first 'be afforded a reasonable opportunity for discovery.'" Greater Baltimore, 721 F.3d at 281 (citing Gay, 761 F.2d at 177)). Because the court finds summary judgment is inappropriate on the grounds recommended by the R&R, it does not consider whether requirements of Rule 12(d) were met here. On remand, if the magistrate judge determines that it remains appropriate to convert defendants' motion, she should ensure that the Rule 12(b) requirements are satisfied.

1

filed by all eighteen defendants of record. Plaintiff Dmitry Pronin ("Pronin"), an inmate who alleges that defendants violated his constitutional rights, filed written objections to the R&R. For the reasons set forth below, the court rejects the R&R and remands the case to the magistrate judge.

## I.  BACKGROUND

Pronin's complaint and affidavits document a number of incidents he alleges occurred while he was incarcerated at the Federal Corrections Institution in Edgefield, South Carolina ("FCI Edgefield"). Pronin alleges that these incidents violated his First, Fifth, Eighth, and Fourteenth Amendment rights. Because those incidents are not directly at issue here, the court dispenses with a lengthy discussion of them at this time.

Pronin filed the present action on December 3, 2012. Pronin filed an amended complaint on February 13, 2013 and a second amended complaint on April 29, 2013. On August 21, 2013, defendants filed a motion to dismiss. Pronin filed a response on September 24, 2013. The magistrate judge issued an R&R on January 13, 2014, treating the motion to dismiss as a motion for summary judgment. Pronin filed objections to that R&R on January 31, 2014. The matter has been fully briefed and is now ripe for the court's review.

## II.  STANDARDS

### A.    Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a

2

timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### B.   Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. Id. at 255.

### C.   Pro Se Plaintiff

Plaintiff is proceeding pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se

complaints are therefore held to a less stringent standard than those drafted by attorneys. Id. Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### III.   DISCUSSION

The magistrate judge recommended granting summary judgment in favor the defendants because Pronin failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA").  R&R 10.  The magistrate judge found it significant that Pronin's affidavits did not "specify what, if any, complaints that [he] was attempting to grieve, and for what time period."  Id.  Pronin objects to the R&R on the basis that neither the PLRA nor the Bureau of Prisons requires an inmate to specify the reason for obtaining a grievance form.  Pl.'s Objections 1.  He also notes his previous affidavits, in which he discussed at length his unsuccessful attempts to obtain grievance forms from prison personnel.  Id. at 2.

The PLRA requires a prisoner to exhaust his administrative remedies before bringing suit in federal court.  42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 84 (2006).  However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."  Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); see also Stenhouse v. Hughes, No. 9:04-cv-23150-HMH, 2006 WL 752876, at *2 (D.S.C. Mar. 21, 2006) ("[E]xhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies.").  Accordingly, courts are "obligated to ensure that any defects in exhaustion were not procured from the

action or inaction of prison officials." Hill v. O'Brien, 387 F. App'x 396, 400 (4th Cir. 2010) (unpublished) (citing Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)).

Pronin's affidavits extensively detail multiple unsuccessful attempts to obtain grievance forms from prison personnel. See R&R 8-10 (summarizing steps Pronin took to obtain forms). Under similar circumstances, the Fourth Circuit held that a prisoner's allegations that he was denied grievance forms created a genuine issue of material fact as to whether he exhausted his administrative remedies. Hill, 387 F. App'x at 400-01.

Viewing the evidence in the light most favorable to Pronin, the court finds that there is a genuine issue of material fact as to whether defendants hindered Pronin's ability to obtain grievance forms. Therefore, summary judgment is not appropriate on the basis that Pronin failed to exhaust his administrative remedies. Because the R&R did not discuss any of defendants' additional arguments in favor of dismissal, the court remands this matter to the magistrate judge for further consideration of defendants' motion.

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R and **REMANDS** the case to the magistrate judge.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 25, 2014**
**Charleston, South Carolina**