IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dmitry Pronin, 382245, ) | C/A No.  5:12-cv-03416-DCN-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Lieutenant Troy Johnson; Operations ) | |
| Lieutenant Eda Olivera-Negron; Kenneth ) | |
| Atkinson; Daniel Fallen; Rex Blocker; ) | |
| Louisa Fuertes-Rasario; Sandra K. ) | |
| Lathrop; Jake Burkett; Brandon Burkett; ) | |
| John Bryant; Patina Walton-Grier; Henri ) | |
| Wall; Edward Hampton; William Johnson; ) | |
| Officer Flournoy; Officer Middlebrook; ) | |
| Officer Wilson; and Officer Crawford, ) | |
| ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Compel, ECF No. 122, filed on July 14, 2014, and Defendants' Motion to Quash, ECF No. 125, filed on July 16, 2014. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Plaintiff's Motion asks the court to compel Defendants to respond to the discovery requests he mailed on June 11, 2014. ECF No. 122. The court finds that Defendants' responses to Plaintiff's discovery was due on July 16, 2014, two days after Plaintiff filed his Motion to Compel. Therefore, Plaintiff prematurely filed his Motion. Nevertheless, Plaintiff is entitled to responses to discovery directed at Defendants, not non-party witnesses. Therefore, Plaintiff's

Motion is granted to the extent Plaintiff moves to compel Defendants to respond to discovery requests directed at named Defendants in this action.

In their Motion to Quash Plaintiff's Discovery, Defendants request the court quash the discovery Plaintiff served on Defendants that was directed toward witnesses who are non-parties to this action. ECF No. 125. Specifically, Defendants move to quash: (1) Plaintiff's Fourth Set of Interrogatories to Defendants/Witness Joshua Engle; (2) Plaintiff's Eighth Set of Interrogatories to Defendants/Witness William Adkison; (3) Plaintiff's Ninth Set of Interrogatories to Witness Jerry Harriott, Jr.; (4) Plaintiff's Twelfth Set of Interrogatories to Witnesses Brian Finnerty and Gerald Lewis; and (5) Plaintiff's Thirteenth Set of Interrogatories to Witness Galina Rakityanskaya. ECF No. 125-1. Rule 33(a)(1) of the Federal Rules of Civil Procedure permits parties to serve interrogatories only on "any other party." *See also Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 652 (D. Md. 1997) ("Fed.R.Civ.P. 33(a) does not permit interrogatories to be served on non-parties."). Therefore, Defendants' Motion to Quash Plaintiff's Fourth, Eighth, Ninth, Twelfth, and Thirteenth Interrogatories, directed at non-parties, is granted.

Plaintiff's deadline to respond to Defendants' Motion for Summary Judgment has been held in abeyance until after the close of discovery. *See* ECF Nos. 111, 112. Defendants are instructed to give a status update to the court no later than July 30, 2014, indicating whether they have served discovery responses on Plaintiff. Upon receipt, the court will impose a deadline on Plaintiff to respond to Defendants' pending Motion for Summary Judgment.

IT IS SO ORDERED.

*[signature: Kaymani D. West]*

July 23, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge